SUPERIOR COURT
OF THE
STATE OF DELAWARE

**RICHARD F. STOKES**
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5264

June 27, 2018

Alita Joseph Alcide
248 North Conwell Street
Seaford, Delaware 19973

Carla A.K. Jarosz, Esquire
Department of Justice
820 North French Street, 6th Floor
Wilmington, Delaware 19801

RE: *Alcide v. Mountaire Farms of DE, Inc.*,
C.A. No. S17A-12-004

On Appeal from the Unemployment Insurance Appeals Board: AFFIRMED

Date Submitted: April 17, 2018
Date Decided: June 27, 2018

Dear Ms. Alcide and Counsel,

Alita Alcide appeals the decision of the Unemployment Insurance Appeal Board ("the Board") to affirm the Appeals Referee's decision that found Ms. Alcide had failed to file a timely appeal from her denial of benefits. The Appeals Referee determined that, because this failure was not due to administrative error on the part of the Department of Labor, the Claims Deputy's decision was final and binding. The Board's decision is affirmed for the reasons stated below.

**Nature and Stage of the Proceedings**

Ms. Alcide worked for Mountaire Farms of DE, Inc. ("Employer") for several years until her termination in September of 2017. Ms. Alcide filed for unemployment insurance benefits on September 10, 2017. A Claims Deputy determined Ms. Alcide had been fired for just cause in

connection with her employment. Specifically, the Claims Deputy found Ms. Alcide was terminated for attendance/tardiness. Ms. Alcide had received prior warnings regarding her attendance. According to Employer's Attendance Policy, eight instances are grounds for termination. Ms. Alcide received her eighth absence on September 8, 2017, when she failed to appear as scheduled.

The Claims Deputy's decision was mailed on October 5, 2017, and stated that the determination became final if an appeal was not filed by October 15, 2017. Ms. Alcide appeared in person at the Department of Labor to appeal the decision on October 23, 2017.

An Appeals Referee held a hearing on October 13, 2017, on the sole issue of the timeliness of Ms. Alcide's appeal. The Appeals Referee mailed a written decision on November 16, 2017. By way of that decision, the Appeals Referee held that the evidence presented established that the Claims Deputy's decision was properly mailed to Ms. Alcide at her address of record.

Ms. Alcide appealed to the Board. The Board considered the matter on its review calendar and decided the appeal on the previously submitted evidence. The Board affirmed the Appeals Referee's decision by way of written decision mailed on December 22, 2017. Ms. Alcide filed a timely appeal with this Court on December 29, 2017.

**Discussion**

When reviewing a decision of the Board, this Court must determine whether the Board's findings and conclusions of law are free from legal error and are supported by substantial evidence in the record.[1] "Substantial evidence" is "such relevant evidence as a reasonable mind might accept

---

[1] *Unemployment Ins. Appeal Bd. v. Martin*, 431 A.2d 1265 (Del. 1981); *Pochvatilla v. U.S. Postal Serv.*, 1997 WL 524062 (Del. Super. Ct. June 9, 1997); 19 *Del. C.* § 3323(a) ("In any judicial proceeding under this section, the findings of the [Board] as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law.").

as adequate to support a conclusion."[2] The Court's review is limited: "It is not the appellate court's role to weigh the evidence, determine credibility questions or make its own factual findings, but merely to decide if the evidence is legally adequate to support the agency's factual findings."[3]

Section 3314 of Title 19 of the Delaware Code provides, in pertinent part, that one shall be disqualified for unemployment benefits if she has been "discharged from [her] work for just cause in connection with [her] work."[4] "Generally, the term 'just cause' refers to a wilful or wanton act in violation of either the employer's interest, or of the employee's duties, or of the employee's expected standard of conduct."[5] Violation of a reasonable company policy may constitute just cause for termination, provided the employee is aware of the policy and the fact that the violation thereof may result in the employee's termination.[6]

The Claims Deputy determined that Ms. Alcide was discharged because she had violated Employer's Attendance Policy.

Section 3318(b) of Title 19 of the Delaware Code provides that a Claims Deputy's decision becomes final if a further appeal is not initiated within ten calendar days of its mailing. An Appeals Referee does not have jurisdiction to hear the merits of an untimely-filed appeal.

---

[2] *Gorrell v. Division of Vocational Rehab.*, 1996 WL 453356, at *2 (Del. Super. Ct. July 31, 1996).

[3] *McManus v. Christiana Serv. Co.*, 1997 WL 127953, at *1 (Del. Super. Ct. Jan. 31, 1997).

[4] 19 *Del. C.* § 3314(2).

[5] *Abex Corp. v. Todd*, 235 A.2d 271, 272 (Del. Super. Ct. 1967).

[6] *Burgos v. Perdue Farms, Inc.*, 2011 WL 1487076, at *2 (Del. Super. Ct. Apr. 19, 2011).

3

In this case, the last day Ms. Alcide could have timely appealed the Claims Deputy's determination was October 15, 2017, but she failed to do so until October 23, 2017. The Appeals Referee concluded there had been no error on the part of the Department of Labor and, as such, the appeal was untimely. The Board denied Ms Alcide's application for further review and affirmed the Appeals Referee's decision on the documents in the record.[7]

On appeal, Ms. Alcide tells the Court that she missed work due to health issues and that she provided Employer with evidence of illness by way of doctors' notes. Unfortunately for Ms. Alcide, and as stated above, this Court must review the case on the record and may not make factual findings. The only issue preserved was the issue of the timeliness of Ms. Alcide's appeal of the Claims Deputy's decision.

The record reflects that the Claims Deputy's decision was mailed to Ms. Alcide's mailing address. There is no indication of any administrative error on the part of the Department of Labor. Ms. Alcide had, and waived, the opportunity to present her version of the events leading to her termination to an impartial tribunal. Accordingly, the Board's decision is affirmed.

## Conclusion

For the reasons stated herein, the Board's decision to affirm the Appeals Referee's determination that Ms. Alcide's appeal was untimely filed and thus not reviewable is AFFIRMED.

---

[7] In appealing the Appeals Referee's decision, Ms. Alcide filed a letter stating, "I do not understand English and when I got the [Claims Deputy's decision], I was unable to understand the contents. By the time I got someone to translate it for me it was too late to file a timely appeal, hence the reason why I filed late." Department of Labor Record, at p. 55. Although Ms. Alcide did not - and does not - argue her failure to understand English was grounds for excuse to file an untimely appeal, the case law is clear: a claimant's failure to seek help in translating a Claims Deputy's decision is "the result of his own inaction" or "his own fault." *Rosembert v. Perdue Inc.*, 1996 WL 662988, at **2, 4 (Del. Super. Ct. Sept. 12, 1996).

IT IS SO ORDERED.

Very truly yours,

Richard F. Stokes

oc:    Prothonotary

cc:    Mountaire Farms of DE, Inc.

5